IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CURTIS JAMES MCGUIRE | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-192 |
| SERGEANT BROWN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Curtis James McGuire, an inmate currently confined at the Jester 4 Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Sergeant Brown and Lieutenant Cordele. Defendants are employed at the Stiles Unit, where Plaintiff was previously confined.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background[1]

Plaintiff alleges he attempted to commit suicide in March of 2018. Plaintiff claims that he was brought to the medical department following his suicide attempt, but cuts to his wrists were not

---

[1] Upon initial examination of the Complaint (doc. #2), the court was unable to determine whether Plaintiff's factual allegations state a non-frivolous claim upon which relief may be granted. On July 6, 2021, Plaintiff was ordered to file an amended pleading in the form of responses to a questionnaire in order to provide a more detailed factual discussion of his claims. *See Watson v. Ault*, 525 F.2d 886, 893 (5th Cir. 1976). Plaintiff has submitted a number of documents since that date, but he failed to file an amended pleading in compliance with the order. The court made an additional effort to develop the facts by ordering prison officials to submit copies of Plaintiff's medical records and grievances from March 1, 2018, through May 4, 2020. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). The records did not assist the court in developing the facts concerning Defendants' alleged involvement in the incidents that form the basis of the claims raised in Plaintiff's Complaint, and they are not cited in this Report and Recommendation.

treated. Plaintiff was returned to the same cell, which allegedly violated established prison procedures, and he was placed on observation for 72 hours. Following the 72-hour observation period, Plaintiff's property and clothing were returned to him, but he was not sent to a crisis management program. Plaintiff also complains that there should be panic buttons in the cells for emergency situations.

Plaintiff alleges he had blood in his urine for more than a year without treatment. When he went to the medical department for assistance, the staff referred him to the mental health department instead of providing him with medical treatment. Plaintiff alleges he accidentally overdosed on his psychiatric medication because a nurse gave him enough medication for three or four days without instructing him on how to take the medication.

In October of 2019, Plaintiff wrote to the mental health department requesting treatment for depression. Plaintiff alleges his appointment was delayed, and he was not provided with medication. Plaintiff was prescribed Citalopram on December 20, 2019. Plaintiff claims that he was supposed to take the medication in the morning, but he was denied the medication on multiple occasions by members of the medical staff who told him that he needed to take it at a different time of day.

Plaintiff alleges that he is being retaliated against and his grievances are discarded. On December 27, 2019, Plaintiff's cell door was not operating correctly. A maintenance crew unsuccessfully attempted to fix the lock, and the cell door was left open for the weekend. Plaintiff alleges this was done to retaliate against him because prison officials hoped another inmate would assault him or steal his property.

Plaintiff claims that he found pubic hair in his food on December 27, 2019. Plaintiff complained to the correctional officers working in the dining hall, and he was given a new tray of

food. Plaintiff states that he is scared to eat in the dining hall because he believes he is being poisoned to retaliate against him. Plaintiff also alleges that he is scared to take showers.

## Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez*, 446 U.S. at 640.

In order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff has not alleged facts demonstrating that either Defendant was personally involved in the incidents that form the basis of Plaintiff's claims. Because Plaintiff failed to allege any facts demonstrating that Defendant Brown or Defendant Cordele participated in the alleged wrongs, this civil rights action should be dismissed for failure to state a claim upon which relief may be granted.

Recommendation

This civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 24th day of April, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE